**UNITED STATES of America, ex rel., Paddy KALISH, Plaintiff,**

v.

**James H. DESNICK, et al., Defendants.**

**No. 91 C 2288.**

United States District Court, N.D. Illinois, E.D.

June 19, 1991.

On Motion for Reconsideration June 21, 1991.

Paddy Kalish, pro se.

Fred L. Foreman, U.S. Atty., and Terry Kinney, Asst. U.S. Atty., Chicago, Ill., and Michael F. Hertz, Ronald H. Clark and Harold Malkin, Attys., Civ. Div., U.S. Dept. of Justice, Washington, D.C., for the U.S.

## MEMORANDUM AND ORDER

LINDBERG, District Judge.

Paddy Kalish filed this *qui tam* action in the name of the United States of America (the Government) against the defendants on April 17, 1991. 31 U.S.C. § 3730(b)(1). As required by the applicable statute, the complaint was filed in camera and has remained under seal since it was filed. 31 U.S.C. § 3730(b)(2). The Government has moved ex parte for an extension of time during which the complaint in the case at bar is to remain under seal. 31 U.S.C. § 3730(b)(3).

The Government in its notice of motion has indicated that this motion is scheduled to be presented on June 27, 1991. However, that date is subsequent to the date by which the Government must take certain action absent an extension of time. The court is therefore ruling on the Government's motion prior to the date on which it is scheduled to be presented.

The controlling statute provides in part:

(2) .... The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

(3) The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2). ....

(4) Before the expiration of the 60-day period or any extensions obtained under paragraph (3), the Government shall—

(A) proceed with the action ...; or

(B) notify the court that it declines to take over the action....

31 U.S.C. § 3730(b)(2)–(4).

As was previously noted, the complaint at bar was filed on April 17, 1991. According to the Government's motion, the Government received the complaint on April 23, 1991. Accordingly, the period during which the complaint was required to

remain under seal expired on June 16, 1991; and the Government is required to intervene or notify the court that it declines to take over the action by June 24, 1991 (June 22, 1991, being a Saturday). 31 U.S.C. § 3730(b)(2) and (4); F.R.C.P. 6(a).

■ In its motion, the Government seeks to extend the period during which the complaint remains under seal "for an additional period of 30 days, up to and including July 18, 1991." Under the statute such an extension would also have the effect of extending the time within which the Government must elect to proceed with the action or notify the court that it declines to take over the action. 31 U.S.C. § 3730(b)(4).

The extension of time the Government seeks may only be granted for "good cause shown." In this regard, the Government states:

> Since receiving service of the Complaint on April 23, the Department of Justice has notified the Department of Health and Human Services of the relator's allegations and met with and debriefed the relator and his counsel for several hours. In addition, representatives of the Office of Inspector General of the Department of Health and Human Services have inspected several thousand documents produced by the relator to assess the credibility of his allegations. The Department of Health and Human Services is now in the process of gathering the facts developed to date and formulating a recommendation to the Department of Justice which, in turn, will then make a final decision whether or not to intervene. It is to facilitate these deliberations that the extension of time sought herein is necessary.

The Government does not state when the Department of Justice notified the Department of Health and Human Services or when it debriefed Mr. Kalish and his attorney. The Government does not state when the Office of the Inspector General of the Department of Human Services began to inspect the documents, how many hours on what particular days inspection took place, or how many people were involved in the inspection. In short, the statement of the Government is too lacking in specifics to show good cause for an extension of the period during which the complaint remains under seal. See 31 U.S.C. § 3730(b)(3).

ORDERED: The Government's ex parte motion for an extension of time is denied. 31 U.S.C. § 3730(b)(3). The complaint is unsealed and shall be served upon defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure. 31 U.S.C. § 3730(b)(2), (3); F.R.C.P. 4. The Government shall proceed with the action or notify the court that it declines to take over the action on or before June 24, 1991. 31 U.S.C. § 3730(b)(2).

## ON MOTION FOR RECONSIDERATION

The Government has filed an emergency motion for reconsideration of this court's order denying its ex parte motion for an extension of time and ordering the complaint unsealed and served upon defendants.

■ Initially, the court would note that the Government's claim of prejudice in its motion to reconsider is singularly unpersuasive. That claim is:

> To deny the Government's motion at this late date will not only prejudice the United States, by forcing it to make an election without a full consideration of all the relevant facts and circumstances, but could, more importantly, result in possible injury to the defendant by causing the Government prematurely and erroneously, to join the lawsuit and, thereby, place its imprimatur on the relator's allegations.

The late date of the denial of the motion for an extension of time was caused solely by the Government. The motion was filed on June 17, 1991, and scheduled by the Government to be presented on June 27, 1991. From the Government's motion for an extension of time it is apparent that the Government when it filed the motion believed its time to make its election expired on June 17, 1991, and the facts noted in the motion indicated that the time would expire on June 24, 1991. Far from being late, the court's ruling on June 19, 1991, was much

earlier than the Government contemplated when it filed and scheduled the motion for presentment. It is the obligation of a party seeking an extension of time to file, and schedule for presentment, its motion so that the court has time to rule and, if the motion is denied, the party may take any action necessary prior to the expiration of the period sought to be extended.

■ The Government's surprise at the ruling on the motion for an extension of time stems from a misunderstanding of the nature of the good cause standard. In the motion for an extension of time, the Government states:

Thus, Congress has recognized in the quoted legislative history and statutory language that the Government would frequently require additional time in which to make an informed decision on whether to assume control over the action, as required under the Act.

In the motion to reconsider, the Government states in a footnote:

As a general rule, the United States often needs more than sixty (60) days to complete its investigation, particularly so in a factually complicated case such as this.

Contrary to the assumption underlying these statements, the requirement that good cause be shown for an extension of time to be granted is not the equivalent of routinely allowing extensions of time. See *Kleem v. Immigration and Naturalization Service*, 479 U.S. 1308, 107 S.Ct. 484, 93 L.Ed.2d 566 (Scalia, Circuit Justice 1986); *United States Steel Corporation v. United States Environmental Protection Agency*, 605 F.2d 283, 286–90 (7th Cir. 1979); *United States v. Fields*, 703 F.Supp. 749, 751–52 (N.D.Ill.1989).

■ The Government has in its motion for reconsideration provided a fuller statement of the facts on the basis of which it seeks an extension of the time during which the complaint is to remain under seal. Although the court is still not convinced that good cause has been shown for an extension of time during which the complaint is to remain under seal, the additional facts provided in the motion for reconsid-eration demonstrate that the Government is effectively entitled to the most significant relief it requests—additional time within which to decide whether to proceed with the action or notify the court that it declines to take over the action—by operation of the controlling statute.

In the motion for reconsideration, the Government has for the first time informed the court:

While the United States has by now received the relator's statement of material evidence and other information, the relevant documents were not made available until the week of May 22—one full month after the Government received a copy of the Complaint and thirty (30) days into the sixty (60) day period during which the Complaint is to remain under seal. 31 U.S.C. § 3730(b)(2).

Notwithstanding the relator's unexplained delay in providing the Government with his statement of material evidence ..., the Department of Justice proceeded with its investigation by formally notifying the Office of the Inspector General of HHS, on or about May 2, of the filing of the Complaint; by debriefing the relator in an afternoon meeting on May 6; and by having a Special Agent of the Department of Health and Human Services spend approximately ten hours over three days during the week of June 6 inspecting relator's documents. The United States also met subsequently with representatives from Desnick's law firm to discuss matters and information that it needs to pursue its investigation and a similar case relating to Desnick has been referred to this office for criminal investigation.... [W]ith the 30 day extension sought by the Government, the Department of Justice and Health and Human Services felt that it could (1) otherwise overcome the delay occasioned by the relator's delay in providing vital information and (2) complete its investigation and make an informed decision, as the statute contemplates, to intervene or to decline to intervene in this action.

.... The 30–day extension sought by the Government is requested only to per-

mit responsible officials to make an informed decision either to join or decline to join the lawsuit.

As was true in the initial motion for an extension of time, the Government apparently presumes that the period during which it must elect whether to proceed with the action or notify the court that it declines to take over the action necessarily runs in lock-step with the period during which the complaint is under seal. This is not true.

The initial periods are quite distinct. The initial period during which the complaint remains under seal and is not served on the defendant is at least 60 days in duration, commences with the filing of the complaint, and ends when the court orders. 31 U.S.C. § 3730(b)(2). The initial period during which the Government must make its election is precisely 60 days in length, begins with the receipt by the Government of both the complaint and the written disclosure by the person filing the complaint of the material evidence and information possessed by that person, and ends automatically. 31 U.S.C. § 3730(b)(2). It is only if the time during which the complaint remains under seal is extended by order of the court that the termination of the two periods must correspond exactly. 31 U.S.C. § 3730(b)(3) and (4). The case at bar illustrates the lack of congruence of the initial 60 day periods.

As was noted in this court's prior memorandum and order, the 60 day period during which the complaint was required to be kept under seal and defendants not served expired on June 16, 1991. Based upon the information contained in the motion for an extension of time, it appeared that the period during which the Government must make its election would expire on June 24, 1991. The new information provided in the motion for reconsideration indicates that this latter conclusion was incorrect.

Under the statute:

(2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure.... The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.

. . . . .

(4) Before the expiration of the 60–day period ..., the Government shall—
(A) proceed with the action ...; or
(B) notify the court that it declines to take over the action.

. . . . .

31 U.S.C. § 3730(b). From the new information contained in the motion for reconsideration, the Government did not receive "written disclosure of substantially all material evidence and information" possessed by Mr. Kalish until the week of May 22, 1991. 31 U.S.C. § 3730(b)(2). Assuming that these materials were received on May 22, 1991, the 60 days during which the Government must either proceed with the action or notify the court that it declines to take over the action began on May 22, 1991, and will end on July 22, 1991 (July 21, 1991, being a Sunday). 31 U.S.C. § 3730(b)(2) and (4); F.R.C.P. 6(a).

The thrust of the Government's motion for an extension of time and of its motion to reconsider has been that it needs until July 18, 1991, to decide whether to proceed or decline to take over the action. Since the Government has until July 22, 1991, to make its decision by operation of the statute, this argument is of no force with respect to the Government's request for an extension of the time during which the complaint is to remain sealed. In light of the provision of the statute stating, "If the Government proceeds with the action, it ... shall not be bound by an act of the person bringing the action," 31 U.S.C. § 3730(c), there appears to be no need to delay unsealing of the complaint or service of it on the defendants.

As was true of the motion for an extension of time, the motion to reconsider fails to show good cause for an extension of the period during which the complaint is to remain under seal. However, it does bring to the attention of the court facts indicating that the statutory period during which

the Government must proceed with the action or notify the court that it declines to take over the action will not expire until July 22, 1991.

ORDERED: The Government's motion to reconsider is denied.

The court *sua sponte* vacates the portion of its order of June 19, 1991, stating that, "The Government shall proceed with the action or notify the court that it declines to take over the action on or before June 24, 1991. 31 U.S.C. § 3730(b)(2)."

The Government shall proceed with the action or notify the court that it declines to take over the action on or before July 22, 1991. 31 U.S.C. § 3730(b)(2).