Arthur BURGESS, Petitioner,

v.

Thomas K. BELL, Respondent.

Case No. 07–11367.

United States District Court,
E.D. Michigan,
Southern Division.

May 26, 2008.

F. Martin Tieber, Tieber Law Office, Saginaw, MI, for Petitioner.

B. Eric Restuccia, William C. Campbell, Michigan Department of Attorney General, Lansing, MI, for Respondent.

## ORDER DENYING THE RESPONDENT'S MOTION FOR LEAVE TO FILE ANSWER AND MOTION FOR SUMMARY JUDGMENT

DAVID M. LAWSON, District Judge.

Through counsel, the petitioner, Arthur Burgess, a state prisoner confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his 1977 conviction for one count of first-degree murder and two counts of second-degree murder. His petition was received for filing on March 29, 2007. On August 7, 2007, Magistrate Judge R. Steven Whalen entered an order pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts requiring the respondent to file responsive pleadings together with the necessary state court pleadings and transcripts on or before February 5, 2008. On February 5, 2008, the respondent filed a motion to enlarge the time for filing responsive pleadings. This motion was denied for lack of merit on February 7, 2008. The respondent then filed a motion for leave to file an answer raising a statute of limitations defense and a motion for summary judgment arguing that the claim is time-barred.

The Court denied the motion for an enlargement of time because the motion lacked merit. Since no new information has been offered justifying the request for additional time, the Court will not grant leave to file a late answer. The respondent was given until February 5, 2008 to file his response, which was six months after Judge Whalen's Rule 5 order, and nearly a year after the petition was filed. The response date was chosen in conformity with the practice adopted by the Judges of this Court to allow the Michigan Attorney General six months to gather Rule 5 materials and respond to habeas petitions. That time frame was selected, in turn, after discussions with the attorney general's representatives addressing the former practice of entering orders requiring responses within 60 days, which were followed inevitably by motions seeking 120-day extensions of time to respond. The Court generally acceded to an extension, but often times the filing time enlargement was followed by a second request. In arriving at the six-month response time, the Court took into

account the representations by the attorney general's representatives concerning staffing and budget constraints and the difficulty occasionally encountered in obtaining Rule 5 materials from local prosecutors and state courts. Those expressed concerns were accompanied by assurances that if six months uniformly were allowed for responses, extensions would not be sought and responses would be filed timely.

The Court is aware that the Michigan Attorney General is presently charged with the responsibility for responding to most federal habeas petitions filed in Michigan's Eastern and Western federal judicial districts. (The Court is informed that personnel in county prosecutors' offices respond to habeas petitions based on convictions originating in Jackson and Wayne Counties.) The Court is also aware that the resources that the Michigan Attorney General has to devote to these cases are not limitless.

On the other hand, petitioners who seek relief under 28 U.S.C. § 2254 face several obstacles in the form of threshold inquiries that may prevent an adjudication of the merits of the federal constitutional issues that they endeavor to raise in habeas petitions. These threshold issues include the question of exhaustion of state court remedies, procedural default, the prohibition against abuse of the writ and successive petitions, and the statute of limitations, to name a few. Although these issues are not all jurisdictional, they can comprise affirmative defenses that the state can and should interpose in appropriate cases to serve the interests of comity, federalism and finality of convictions.

However, requests by the state for delay in responding to habeas petitions can, in and of themselves, prejudice a petitioner by creating a bar to a merits review of a prisoner's constitutional claims. For instance, if the state ultimately responds by claiming that a petitioner's issues have not been exhausted in the state system, and the Court determines that the state is correct in such an assertion, the petition must be dismissed. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Since the Supreme Court has held that the filing of a federal habeas corpus petition does not trigger 28 U.S.C. § 2244(d)(2) to suspend the running of the one-year statute of limitations for habeas petitioner, *see Duncan v. Walker,* 533 U.S. 167, 172, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), a dismissal for non-exhaustion could render subsequent petitions in this court untimely, *see* 28 U.S.C. § 2244(d)(1), thus insulating the petitioner's claims from review. Although in some cases the Court could allow relief from the statute of limitations, *see Griffin v. Rogers,* 308 F.3d 647, 652 n. 1 (6th Cir.2002); *Palmer v. Carlton,* 276 F.3d 777, 780–81 (6th Cir.2002), such relief is not automatically given.

 Requests for enlargement of time should be supported by a showing of good cause. *See* Fed.R.Civ.P. 6(b); *United States ex rel. Kalish v. Desnick,* 765 F.Supp. 1352, 1355 (N.D.Ill.1991). A party shows good cause by demonstrating a "reasonable justification" for its failure to complete the requested task within the time prescribed. *See Foster v. Halter,* 279 F.3d 348, 357 (6th Cir.2001). It may do so by advancing specific facts which describe the magnitude of the undertaking, the time available for completion, and circumstances which would prevent a reasonable person from performing within the time allowed by a statute or court rule. *Kalish,* 765 F.Supp. at 1354. Generalizations and conclusory allegations will not suffice. *Ibid.* The respondent in this case explained that he has not yet received the Rule 5

material, which he needs to respond to the petition. However, the respondent has not cited any difficulty encountered from the state court, or any loss of records, or even when he first requested the state court records. Not having the Rule 5 material cannot amount to good cause for delay if there is no showing of any effort to get them. Because good cause has not been shown, the Court will deny the respondent's motion to file its answer.

 The respondent filed a motion for summary judgment, arguing that the petitioner's claims are barred by the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (AEDPA). *See* 28 U.S.C. § 2244(d)(1). However, the respondent has waived the statute of limitations by failing to file a timely answer or otherwise comply with the time requirements set out in the Court's order. Under the Federal Rules of Civil Procedure, which are incorporated to apply to proceedings under 28 U.S.C. § 2254 such as this by Rule 11, Rules Governing Section 2254 Cases, the failure to file a timely answer waives affirmative defenses. *See English v. Dyke,* 23 F.3d 1086, 1090 (6th Cir.1994). The statute of limitations is listed as an affirmative defense, *see* Fed. R.Civ.P. 8(c)(1), and the statute of limitations is waivable in section 2254 actions. *Smith v. State of Ohio Dept. of Rehabilitation and Corrections,* 463 F.3d 426, 429 n. 2 (6th Cir.2006) (holding that statute of limitations defense was waived in a habeas case because it was not raised by the state on appeal); *see also Day v. McDonough,* 547 U.S. 198, 205, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006) (holding that courts have the duty, but not the obligation, to *sua sponte* consider a statute of limitations bar in section 2254 cases); *Trest v. Cain,* 522 U.S. 87, 89–90, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997) (affirming that courts of appeal are not required to raise the defense of procedural default *sua sponte,*

and recognizing that failure to raise the defense normally constitutes a waiver). The respondent filed his pleading late; he cannot now be permitted to object to the timeliness of the petitioner's petition. Having waived the affirmative defense that is the statute of limitations, the respondent's motion for summary judgment for failure to comply with the statute of limitations will be denied.

Accordingly, it is **ORDERED** that the respondent's motion for leave to file an answer [dkt. # 7] is **DENIED.**

It is further **ORDERED** that the respondent's motion for summary judgment [dkt. # 8] is **DENIED.**