## TREST *v.* CAIN, WARDEN

No. 96–7901.  Argued November 10, 1997—Decided December 9, 1997

BREYER, J., delivered the opinion for a unanimous Court.

*Rebecca L. Hudsmith* argued the cause and filed briefs for petitioner.

*Kathleen E. Petersen*, Assistant Attorney General of Louisiana, argued the cause for respondent. With her on the brief were *Richard P. Ieyoub*, Attorney General, and *Mary Ellen Hunley*, Assistant Attorney General.*

JUSTICE BREYER delivered the opinion of the Court.

The petitioner in this case, Richard Trest, seeks a writ of habeas corpus, which would vacate a long sentence that he is serving in a Louisiana prison for armed robbery. The District Court refused to issue the writ. Trest appealed to the Court of Appeals for the Fifth Circuit, which ruled against him on the ground of "procedural default." *Trest* v. *Whitley*, 94 F. 3d 1005, 1007 (1996). The Fifth Circuit believed that Trest had failed to raise his federal claims on time in state court, that a state court would now refuse to consider his claims for that reason, and that this state procedural reason amounted to an adequate and independent state ground for denying Trest relief. Hence, in the absence of special circumstances, a federal habeas court could not reach the merits of Trest's federal claims. *Id.*, at 1007–1009; see

---

*\**Edward M. Chikofsky* and *Barbara E. Bergman* filed a brief for the National Association of Criminal Defense Lawyers as *amicus curiae* urging reversal.

A brief of *amici curiae* urging affirmance was filed for the State of Mississippi et al. by *Mike Moore*, Attorney General of Mississippi, *Marvin L. White, Jr.*, Assistant Attorney General, and *Jeffrey A. Klingfuss*, Special Assistant Attorney General, *Robert A. Butterworth*, Attorney General of Florida, *Joseph P. Mazurek*, Attorney General of Montana, and *Frankie Sue Del Papa*, Attorney General of Nevada.

generally *Coleman* v. *Thompson,* 501 U. S. 722 (1991); *Rose* v. *Lundy,* 455 U. S. 509 (1982).

In his petition for certiorari to this Court, Trest pointed out that the Court of Appeals had raised and decided the question of "procedural default" *sua sponte.* The parties themselves had neither raised nor argued the matter. And language in the Court of Appeals' opinion suggested that the court had thought that, once it had noticed the possibility of a procedural default, it was required to raise the matter on its own. Trest consequently asked us to decide whether a court of appeals, reviewing a district court's habeas corpus decision, *"is required* to raise ... *sua sponte"* a petitioner's potential procedural default. Pet. for Cert. i (emphasis added). We agreed to do so.

Precedent makes clear that the answer to the question presented is "no." A court of appeals is not "required" to raise the issue of procedural default *sua sponte.* It is not as if the presence of a procedural default deprived the federal court of jurisdiction, for this Court has made clear that in the habeas context, a procedural default, that is, a critical failure to comply with state procedural law, is not a jurisdictional matter. See *Lambrix* v. *Singletary,* 520 U. S. 518, 522–523 (1997); *Coleman,* 501 U. S., at 730–731. Rather, "[i]n the habeas context, the application of the independent and adequate state ground doctrine," of which a procedural default is typically an instance, "is grounded in concerns of comity and federalism." *Id.,* at 730 (contrasting habeas proceeding with this Court's direct review of a state court judgment). Thus, procedural default is normally a "defense" that the State is "obligated to raise" and "preserv[e]" if it is not to "lose the right to assert the defense thereafter." *Gray* v. *Netherland,* 518 U. S. 152, 166 (1996); see *Jenkins* v. *Anderson,* 447 U. S. 231, 234, n. 1 (1980). We are not aware of any precedent stating that a habeas court *must* raise such a matter where the State itself does not do so. And Louisiana concedes as much, for it says in its brief that "the Fifth

Circuit clearly was not 'required' to *sua sponte* invoke procedural default." Brief for Respondent 16–17.

Louisiana, however, would like us to go beyond the question presented and hold that the law permitted (though it did not require) the Fifth Circuit to raise the procedural default *sua sponte*. Cf. *Granberry* v. *Greer*, 481 U. S. 129, 133–134 (1987) (appellate court may raise *sua sponte* petitioner's failure to exhaust state remedies). We recognize some uncertainty in the lower courts as to whether, or just when, a habeas court *may* consider a procedural default that the State at some point has waived, or failed to raise. Compare *Esslinger* v. *Davis*, 44 F. 3d 1515, 1525–1528 (CA11 1995) (*sua sponte* invocation of procedural default serves no important federal interest), with *Hardiman* v. *Reynolds*, 971 F. 2d 500, 502–505 (CA10 1992) (comity and scarce judicial resources may justify court raising state procedural default *sua sponte*); see also J. Liebman & R. Hertz, 2 Federal Habeas Corpus Practice and Procedure § 26.2, pp. 814–817 (1994) (citing cases). Nonetheless, we do not believe this is an appropriate case in which to examine that question for several reasons. First, the Fifth Circuit's opinion contains language suggesting the court believed that, despite Louisiana's failure to raise the matter, Circuit precedent required the court (and did not simply permit the court) to consider a potential procedural default. See, *e. g.,* 94 F. 3d, at 1007 ("[T]his court's decision in *Sones* v. *Hargett* . . . precludes us from reviewing the merits of Trest's habeas challenge").

Second, the language of the question presented in Trest's petition for certiorari, as well as the arguments made in his petition, made clear that Trest intended to limit the question in the way we have described. Yet Louisiana in its response did not object or suggest alternate wording. Nor did Louisiana ask us to consider the question in any broader context.

Third, we cannot now easily answer the broader question in the context of this case, for we are uncertain about mat-

ters which arguably are relevant to the question whether the law permitted the Fifth Circuit to raise a procedural default *sua sponte*. The parties disagree, for example, about whether or not Trest has fully, or partially, exhausted his current federal claims by raising them in state court. Cf. *Rose* v. *Lundy, supra,* at 518–520. They disagree about whether Louisiana has waived any "nonexhaustion" defense. Cf. *Granberry* v. *Greer, supra.* They consequently disagree about whether this is, or is not, the kind of case in which a federal court might rely upon the existence of a state "procedural bar" despite the failure of any state court to assert one. See *Coleman* v. *Thompson, supra,* at 735, n.

The parties also seem to disagree about which State's procedural rules are relevant. Trest's federal claims focus upon the 35-year sentence of imprisonment that the Louisiana court imposed (under a Louisiana "habitual offender" law) in light of his earlier convictions in Mississippi for burglary. Trest argued that those earlier convictions were constitutionally invalid because they rested upon a guilty plea which he says the Mississippi court accepted without having first told him about his rights to appeal, to trial by jury, to confront witnesses, and not to incriminate himself. Cf. *Boykin* v. *Alabama,* 395 U. S. 238, 242–244 (1969); *State* v. *Robicheaux,* 412 So. 2d 1313, 1316–1317 (La. 1982). The Fifth Circuit did not reach the merits of Trest's claims because it believed that the Mississippi courts would have barred any challenge to his Mississippi convictions as a challenge that, under state law, came too late in the day. See Miss. Code Ann. § 99–39–5(2) (1994). Trest, and *amici* supporting him, state that the relevant procedural law (for the purposes of the "procedural default" doctrine) is that of Louisiana, rather than that of Mississippi, for it is Louisiana, not Mississippi, which holds Trest in custody. And it is not clear whether Mississippi's procedural law would create a "default" that would bar federal courts from considering whether Louisi-

ana, not Mississippi, could (or could not) use Mississippi convictions to enhance a sentence for a subsequent Louisiana crime.

We note that the parties might have considered these questions, and the Court of Appeals might have determined their relevance or their answers, had that court not decided the procedural default question without giving the parties an opportunity for argument. We do not say that a court must always ask for further briefing when it disposes of a case on a basis not previously argued. But often, as here, that somewhat longer (and often fairer) way 'round is the shortest way home. Regardless, we have answered the question presented, we vacate the judgment of the Court of Appeals, and we remand the case for further proceedings consistent with this opinion.

*It is so ordered.*