IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41400
Summary Calendar

_____

DAVID N. SMITH,

                                        Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(1:97-CV-319)

_____

November 30, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Petitioner Smith appeals the dismissal of his petition for writ of habeas corpus, arguing that the district court erred in finding his petition time barred.  We agree that his petition was not time barred, so we VACATE the judgment of the district court and REMAND for proceedings to consider the merits of Smith's petition.

     In 1986, Smith was convicted by a jury of sexual assault and sentenced to 60 years' imprisonment, his punishment enhanced by a

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior felony conviction for burglary of a motor vehicle. After direct state review, Smith filed three state applications for writ of habeas corpus. The first sought the record of his trial for sexual assault without costs. The second application attacked a conviction for aggravated robbery. The final state habeas application, filed July 23, 1996, attacked his conviction for sexual assault, asserting that his trial counsel was ineffective, his appellate counsel was ineffective, his jury instructions included an unconstitutional reasonable doubt instruction and the jury instructions in his punishment phase included an unconstitutional instruction on parole under Texas law. The Texas Court of Criminal Appeals dismissed the application April 9, 1997, citing TEX. CODE CRIM. P. art. 11.07 § 4 (West. Supp. 1999), which calls for the dismissal of successive habeas applications unless certain exceptions obtain. Smith filed his federal habeas petition June 6, 1997. The magistrate judge recommended that Smith's petition be dismissed as time barred, and the district court adopted the recommendation and dismissed the petition.

Smith contends that the limitations period was tolled by the pendency of the state application for writ of habeas corpus filed July 23, 1996 and dismissed April 9, 1997. The Antiterrorism and Effective Death Penalty Act (AEDPA) established a 1 year

limitations period for filing § 2254 petitions.  *See* 28 U.S.C. §

2244(d)(1).  Section 2244(d)(2) provides that

> The time during which a properly filed application for
> State post-conviction or other collateral review with
> respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation
> under this subsection.

A petitioner has 1 year from April 24, 1996, the effective date of

the AEDPA, to file his federal habeas petition for a conviction

that became final before the AEDPA's effective date. *United States*

*v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998)(deciding under 28

U.S.C. § 2255).  The court below determined that since Smith's

final state habeas application was dismissed for abuse of the writ,

his federal habeas petition was not "properly filed" for purposes

of § 2244(d)(2), and the limitations period was not tolled during

the pendency of his final state habeas application.

We have found that a state application for writ of habeas

corpus dismissed as successive may still be "properly filed" to

toll the limitations period under § 2244(d)(2).  *See Villegas v.*

*Johnson*, 184 F.3d 467, 469-73 (5th Cir. 1999).  Under *Villegas*, the

limitations period was tolled while Smith's final state habeas

application was pending.  Smith's federal habeas petition was

filed within two months of the dismissal of his last state habeas

application, his petition should not be dismissed as time barred.[1]

---

[1]Although the Director did not argue before the district court
that state procedural default barred federal habeas review of
Smith's petition, the Director argues on appeal that because
Smith's final state application for habeas review was dismissed for
abuse of the writ, his federal habeas petition should be dismissed.
State procedural default does not preclude federal jurisdiction
over habeas petitions, and it is a defense that states are

We find that Smith's federal habeas petition was not barred by the statute of limitations.  We VACATE the judgment of the district court and REMAND for proceedings to consider the merits of Smith's petition.

VACATED and REMANDED.

---

obligated to raise.  *See Trest v. Cain*, 522 U.S. 87, 89 (1997). Although we may consider state procedural default when raised for the first time on appeal, we should not do so when the petitioner has not been given notice that the issue would be raised.  *See Fisher v. Texas*, 169 F.3d 295, 301-2 (5th Cir. 1999).  Since the Director first raised the issue of state procedural fault in his brief in opposition to Smith's appeal, we will not consider the defense in this appeal.