**Richard Ryerson BERNARD,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 00–55566.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 2001.

Decided Jan. 23, 2001.

Before TROTT, THOMAS, and BERZON, Circuit Judges.

## MEMORANDUM*

In this appeal, we hold that federal habeas petitioner Richard Bernard ("Bernard") is procedurally barred from claiming alleged constitutional error for the first time on collateral review.

▮▮▮ Because the parties are familiar with the facts of this case, we recount them here only as needed to explain our decision. It is undisputed that Bernard failed to raise the *Doyle* issue at his trial or at any point during his direct appeal. *See Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). "If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default and actual prejudice resulting from the claim of error." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir.1993) (citing *United States v. Frady*, 456 U.S. 152, 167–68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)).[1]

▮▮▮ Bernard stumbles at the first of the two hurdles—he fails to demonstrate cause for failing to object to the alleged *Doyle* error at trial or on direct appeal. "So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, [466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d

674 (1984)], we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *see also Engle v. Isaac*, 456 U.S. 107, 134, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) (holding that the right to competent counsel "does not insure that defense counsel will recognize and raise every conceivable constitutional claim"). Because there is no claim before us that defense counsel's performance was constitutionally ineffective,[2] to establish "cause," Bernard must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488; *see also Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir.2000).

▮▮▮ Bernard has not identified any objective factor external to the defense that impeded his counsel's ability to raise a *Doyle* challenge, and the record reflects none. The factual and legal bases of the *Doyle* claim were available to defense counsel at the time of Bernard's trial. *See Murray*, 477 U.S. at 488, 106 S.Ct. 2639. Bernard has not alleged any "interference" by government officials that prevented the defense from objecting or raising the argument on appeal, *id.*, or that his attorney harbored any conflict of interest. *Manning*, 224 F.3d at 1133–35. "'[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Also, a habeas petitioner is excused from a procedural default if he can show that he is "actually innocent" of the crime. *Bousley v. United States*, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). However, Bernard makes no claim that he is "actually innocent" of stabbing Newman.

2. Although Bernard asserted an ineffective assistance of counsel claim in the district court, that court rejected the claim and did not grant a certificate of appealability on the question. Bernard has not asked us to issue a certificate of appealability on the ineffective assistance of counsel issue. Bernard therefore cannot claim, at this juncture, that the cause of his procedural default was ineffective assistance of counsel.

default.'" *Poland v. Stewart,* 169 F.3d 573, 587 (9th Cir.1999) (citing *Murray,* 477 U.S. at 486, 106 S.Ct. 2639).

█ Bernard offers two reasons to support his argument that he may raise *Doyle* error for the first time in his habeas petition without demonstrating cause and prejudice. Neither reason is persuasive.

First, Bernard points out that although the government raised a procedural bar defense in the habeas petition before the district court, the district court ignored the defense, decided the merits of Bernard's petition, and certified the *Doyle* issue for appealability. Bernard reasons that "the District Court's issuance of a Certificate of Appealability as to the due process claim per *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), itself suggests that no procedural bar should prevent this Court from considering the *Doyle* issue." We respectfully disagree. Even though the district court did not address the government's procedural bar argument in its decision, "[w]e may affirm on any ground supported by the record, even if it differs from the rationale of the district court." *Wade v. Terhune,* 202 F.3d 1190, 1194 (9th Cir.2000) (citing *Bonin v. Calderon,* 59 F.3d 815, 823 (9th Cir.1995)). Therefore, the fact that the district court did not consider the government's procedural bar claim does not preclude us from doing so. Moreover, because the government advanced its procedural bar argument before the district court, and before our court in brief and at oral argument, it did not "'lose the right to assert the defense ...'" *Trest v. Cain,* 522 U.S. 87, 89, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997) (quoting *Gray v. Netherland,* 518 U.S. 152, 166, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996)); *cf. Windham v. Merkle,* 163 F.3d 1092, 1100–01 (9th Cir.1998) (holding that court of appeals has "discretion" to raise the issue of procedural bar even where the government failed to assert the defense below).

Bernard also contends that "[t]he cause and prejudice requirement ... is inapplicable where a section 2255 movant's claim would have been the subject of a 'plain error' analysis on direct appeal—error so obvious that the Court should recognize it *even absent* defense objection at trial." This argument is plainly without merit. Indeed, the Supreme Court expressly rejected Bernard's precise contention, stating "[b]ecause it was intended for use on direct appeal, ... the 'plain error' standard is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of time allowed for direct review or by the affirmance of conviction on appeal." *Frady,* 456 U.S. at 164. While "plain error" review is appropriate on direct appeal, "to obtain collateral relief a prisoner must clear a significantly higher hurdle," namely the cause and prejudice standard described above. *Id.* at 166. Bernard has not cleared that hurdle.

AFFIRMED.