

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-29-2002

# Trowery v. Walters

Precedential or Non-Precedential: Non-Precedential

Docket No. 99-3240

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation
"Trowery v. Walters" (2002). *2002 Decisions.* Paper 544.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/544

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 99-3240
_____

WILLIAM I. TROWERY,
                              Appellant

        v.

GILBERT A. WALTERS;
MICHAEL FISHER

_____

On Appeal from the United States District Court
    for the Western District of Pennsylvania
       D.C. Civil Action No. 98-cv-01868
          (Honorable Donald J. Lee)
         _____

Argued July 12, 2002

Before:  SCIRICA and GREENBERG, Circuit Judges,
          and FULLAM, District Judge*

(Filed: August 28, 2002 )

     *The Honorable John P. Fullam, United States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

LISA B. FREELAND, ESQUIRE (ARGUED)
SHELLEY STARK, ESQUIRE
Office of Federal Public Defender
1450 Liberty Center
1001 Liberty Avenue
Pittsburgh, Pennsylvania 15222

     Attorneys for Appellant


REBECCA D. SPANGLER, ESQUIRE (ARGUED)
RUSSELL K. BROMAN, ESQUIRE
Office of District Attorney
401 Allegheny County Courthouse
Pittsburgh, Pennsylvania 15219

     Attorneys for Appellees

—————————————————

OPINION OF THE COURT
—————————————————

SCIRICA, Circuit Judge.

   The principal issue in this case is whether the petitioner William Trowery is entitled to a direct appeal of his state criminal conviction. The Commonwealth of Pennsylvania concedes Trowery should have his direct appeal. We will vacate and remand.

                              I.

   William Trowery appeals from the dismissal of his writ of habeas corpus. We granted a certificate of appealability on six issues, including whether Trowery can return to state court to pursue his claim that trial counsel was ineffective in failing to file a direct appeal. Because Trowery has not exhausted his state remedies on his ineffectiveness of counsel claim, we do not address each issue. We have jurisdiction under 28 U.S.C. 1291 and 2253.

   In November 1993, Trowery was charged with criminal homicide, aggravated assault and a violation of the Uniform Firearms Act, 18 PA. C.S. 6106. On October 5, 1994, Trowery pled guilty to all counts. Trowery did not file a direct appeal, but did file a post-conviction motion seeking to withdraw his guilty plea. The Court of Common Pleas of Allegheny County, Pennsylvania denied these motions.

   On December 7, 1994, Trowery filed two pro se petitions under Pennsylvania's Post Conviction Relief Act, 42 PA.C.S. 9542 et seq. On October 25, 1996 the trial court filed a notice of intent to dismiss Trowery's PCRA petition without a hearing. Trowery subsequently filed another pro se appeal to the Superior Court of Pennsylvania challenging the denial of PCRA relief. The Superior Court affirmed the decision of the PCRA court. On October 8, 1998, the Supreme Court of Pennsylvania denied Trowery's pro se Petition for Allowance of Appeal. On November 10, 1998, Trowery filed a 28 U.S.C. 2254 petition in federal court raising several claims, including his original counsel's failure to file a direct appeal and a motion to withdraw his guilty plea. Trowery contended he requested his original counsel to file both claims. The District Court adopted the Magistrate Judge's recommendation that the petition be denied on its merits. This appeal followed.

                              II.

   In order to satisfy the exhaustion requirement of 28 U.S.C. 2254(b)(1)(A), the federal claim must be "fairly presented to the state courts." Picard v. Connor, 404 U.S. 270, 275 (1971). The Supreme Court has defined "fairly presented" as requiring the petitioner to present the same claim to the state courts and federal courts. Id. Under Pennsylvania law, once a petitioner has counsel, the court only reviews the issues presented in the counseled petitions. Commonwealth v. Pursell, 724 A.2d 293, 301-02 (Pa. 1999).

   Trowery raised his claim of ineffectiveness of counsel for failure to file a direct appeal in his two pro se PCRA petitions. But the amended petition filed by counsel did not specifically raise this issue. The claim therefore was never properly presented before the PCRA court. For this reason, Trowery has not exhausted his state remedies. In O'Sullivan v. Boerckel, 526 U.S. 838 (1999), the Supreme Court held that to "'protect the integrity' of the federal exhaustion rule" "we ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies."

   The Commonwealth has stipulated that Trowery's ineffectiveness of counsel claim for failure to file a direct appeal is meritorious. In its Answer to Post-Conviction Relief Act Petition filed with this Court on July 12, 2002, the Commonwealth maintains that Trowery is entitled to reinstatement of his direct appellate rights and requests that his right to file a direct appeal be reinstated nunc pro tunc, with thirty days from the date of the order to file. See 28 U.S.C. 2254(c).

   Another issue for which we granted the certificate of appealability is whether Trowery's claim of ineffectiveness of counsel is procedurally barred if he cannot return to state court. In its brief the Commonwealth maintains that Trowery's "claim would not be

procedurally barred as he can establish cause for his default."

In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court held:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750.  The Pennsylvania procedural rule required Trowery to file notice of appeal within thirty days.  The Commonwealth represents that because trial counsel failed to file notice of appeal and because Trowery had a right to counsel at that time, such inaction on the part of trial counsel constitutes cause for purposes of the procedural default doctrine.

III.

For the foregoing reasons, we will vacate the order of the District Court dismissing the petition on the merits and remand with instructions to dismiss for failure to exhaust state remedies without prejudice to Trowery's reopening his habeas corpus action in the District Court should the state court fail to reinstate his direct appeal.

TO THE CLERK:

Please file the foregoing opinion.

/s/Anthony J. Scirica
Circuit Judge

DATED: August 28, 200