**Rodney DUMAS, Petitioner–Appellant,**

**v.**

**Terry PITCHER, Respondent–Appellee.**

No. 02–2305.

United States Court of Appeals,
Sixth Circuit.

Aug. 4, 2003.

Before: GILMAN and GIBBONS, Circuit Judges; and JORDAN, District Judge.*

## ORDER

Rodney Dumas appeals a district court judgment that denied his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After an initial first-degree felony-murder conviction was overturned on appeal, *see People v. Dumas,* 454 Mich. 390, 563 N.W.2d 31 (Mich.1997), Dumas again was convicted of first-degree felony-murder following a jury trial in the Wayne County, Michigan, Circuit Court in 1997. Dumas was sentenced to life imprisonment without the possibility of parole. The Michigan Court of Appeals affirmed the judg-

ment, *People v. Dumas,* No. 208829, 2000 WL 33418432 (Mich.Ct.App. June 16, 2000), and the Michigan Supreme Court denied a delayed application for leave to appeal. *People v. Dumas,* 463 Mich. 946, 620 N.W.2d 854 (Mich.2000) (table).

Next, Dumas filed his federal habeas corpus petition in the district court alleging as grounds for relief that: (1) the trial court erred in failing to instruct the jury on the essential elements of felony-murder; and (2) evidence that Dumas and Patrick Smith committed three other armed robberies in 1991 before the robbery at issue herein improperly was admitted into evidence at trial, or in the alternative, that trial counsel was ineffective because counsel failed to move to strike this evidence. After the state filed its answer in opposition to the petition, the district court dismissed the petition as without merit. This timely appeal followed. The district court granted Dumas a certificate of appealability with respect to both of his claims for habeas corpus relief. On appeal, Dumas reiterates his claims for habeas corpus relief. The state reiterates its contentions that Dumas's claims lack merit.

Upon de novo review, *see Griffin v. Rogers,* 308 F.3d 647, 650–51 (6th Cir. 2002); *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir.2000), we will affirm the district court's judgment. First, Dumas procedurally defaulted his claim that the trial court's felony-murder jury instruction was inadequate. The Michigan Court of Appeals noted that Dumas did not preserve the question with an objection at trial, and reviewed the claim only for plain error. *See Dumas,* 2000 WL 33418432, at *1. Under these circumstances, Dumas procedurally defaulted his claim by failing to

---

* The Honorable Leon Jordan, United States District Judge for the Eastern District of Ten- nessee, sitting by designation.

comply with Michigan's contemporaneous objection rule. *See Lancaster v. Adams*, 324 F.3d 423, 436–37 (6th Cir.2003). The district court concluded that the state did not adequately assert the procedural default defense, *cf. Trest v. Cain*, 522 U.S. 87, 89, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997) (court of appeals not required to raise issue of procedural default sua sponte), but this conclusion is incorrect. As it did in the district court, the state asserts on appeal that Dumas "is not entitled to habeas relief on questions of state jury instructions, when there is no objection at trial, unless the instruction was so prejudicial as to constitute a denial of fundamental fairness." Under these circumstances, respondent adequately asserted that Dumas's jury instruction claim is barred by procedural default.

■ Nonetheless, the district court correctly concluded that Dumas's jury instruction claim lacks merit in any event. A federal habeas petitioner alleging error in a jury instruction must establish not only that the instruction was undesirable or erroneous, "but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment." *Cupp v. Naughten*, 414 U.S. 141, 146, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). The issue is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id.* at 147; *see also Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 52 L.Ed.2d 203 (1977) (lack of a particular instruction must impugn fundamental fairness of trial). Here, Dumas objects to the trial court's failure to instruct the jury regarding the essential elements under Michigan law of the felony offense underlying his felony-murder conviction, robbery or larceny. However, Dumas admitted at trial the fact that a robbery or larceny occurred in this case, but denied that he participated in the crime. Under these circumstances, the district court correctly concluded that Dumas cannot show that he was denied a constitutional right by the trial court's failure to instruct the jury regarding the elements of the admitted offense.

■ Dumas's claim that evidence of other robberies improperly was admitted into evidence at trial also lacks merit. Habeas corpus relief is unavailable for alleged errors in state law evidentiary rulings. *See Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir.2000) A claim of perceived error of state law justifies habeas corpus relief only when a petitioner was denied a fundamentally fair trial. *Estelle v. McGuire*, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). The question on habeas corpus review is whether the state court's ruling was "so fundamentally unfair as to violate the petitioner's due process rights." *Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir.2001). Here, testimony that Dumas participated in three armed robberies in 1991 before the armed robbery at issue herein was properly admitted into evidence.

The Michigan Court of Appeals determined that the testimony was admissible and relevant to show that Dumas knew that Smith was armed during the robbery at issue. *Dumas*, 2000 WL 33418432, at *1. Federal courts are bound by this determination unless convinced that the Michigan Supreme Court would rule otherwise. *See Olsen v. McFaul*, 843 F.2d 918, 933 (6th Cir.1988). Further, Dumas's claim is not cognizable because the Michigan court determinations that the testimony was relevant and more probative than prejudicial were not unreasonable. *See Clark v. O'Dea*, 257 F.3d 498, 503 (6th Cir.2001), *cert. denied*, 535 U.S. 938, 122 S.Ct. 1320, 152 L.Ed.2d 228 (2002). Finally, it is noted that Dumas's alternative argument that

he received ineffective assistance when counsel failed to move to strike this evidence lacks merit given the fact that the evidence was properly admitted. *See Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.