**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEVIN L. GILMORE,

      Petitioner - Appellant,

v.

RON WARD,

      Defendant - Appellee.

No. 04-6372
(D.C. No. CIV-03-1498-HE)
(W.D. Okla.)

**ORDER**

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

Kevin L. Gilmore ("Petitioner"), a state prisoner appearing pro se and in forma pauperis,[1] seeks a certificate of appealability ("COA") to challenge the district court's denial of his Petition for Writ of Habeas Corpus, which was brought pursuant to 28 U.S.C. § 2254 (2000). For the reasons stated below, we **DENY** COA and **DISMISS** the appeal.

---

[1]Based on our review of Petitioner's financial declarations, we grant his motion to proceed in forma pauperis on appeal. See 28 U.S.C. § 1915(a)(1) (2000).

## I. Background

The events giving rise to this case occurred slightly before 7:00 p.m. on December 7, 2000, when Petitioner allegedly attempted to take money from a Dollar General Store by threatening a cashier. Petitioner's attempts were unsuccessful, and based on reports from witnesses, law enforcement officers were able to arrest and charge Petitioner several weeks later. Following a jury trial during which Petitioner was represented by counsel, Petitioner was convicted in Oklahoma state court of Attempted Robbery in the First Degree After Former Conviction of a Felony and sentenced to twenty years in prison. On appeal, Petitioner (represented by new counsel) asserted that (1) the trial court erred in excluding Petitioner's copy of a temporary shelter card showing his admission to the City Rescue Mission on December 7, 2000, and (2) the trial court erred in instructing the jury on the permissible range of punishment for Attempted Robbery in the First Degree. The Oklahoma Court of Criminal Appeals ("OCCA") rejected these claims on their merits and affirmed Petitioner's conviction and sentence on October 24, 2002.

Petitioner then filed an application for post-conviction relief in Oklahoma state court in which he asserted that (1) he was denied effective assistance of trial and appellate counsel; (2) the trial court lacked jurisdiction over the criminal proceeding because Petitioner should have been charged with second-degree

attempted robbery; and (3) Petitioner's sentence was excessive because it exceeded the statutory punishment for second-degree attempted robbery.

Both the Oklahoma District Court and the OCCA denied Petitioner's application for post-conviction relief. The OCCA specifically found that all of the claims asserted in the post-conviction appeal except the claim of ineffective assistance of appellate counsel were procedurally barred as a result of Petitioner's failure to raise these claims in his direct appeal. The OCCA then concluded that Petitioner had not shown that his appellate counsel provided constitutionally ineffective assistance of counsel.

Petitioner then filed this § 2254 petition in Federal District Court, asserting the same arguments raised in his state-court post-conviction proceedings.[2] After referring the matter to a magistrate judge for consideration, the district court denied the petition and Petitioner's request for a certificate of appealability ("COA"). Petitioner now seeks a COA from this court so that he may appeal the denial of his § 2254 petition.

---

[2]In a supplemental brief filed with this court on March 17, 2005, Petitioner also claims, for the first time, that the photo identification procedures employed by the police were unduly suggestive and violated the Due Process Clause of the Fourteenth Amendment. Because this argument was never raised as a ground for habeas relief in the district court, we decline to consider it here. See Singleton v. Wulff, 428 U.S. 106, 119 (1976).

## II. Discussion

Under 28 U.S.C. § 2253(c)(1), this court lacks jurisdiction to consider the merits of Defendant's appeal unless he first obtains a COA. In the instant case, Defendant seeks a COA from this court because the district court denied his request to appeal its decision. See Fed. R. App. P. 22(b)(1). To prevail on his COA request, Defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This is accomplished by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-484 (2000) (quotations omitted).

### A. Ineffective assistance of trial counsel

Petitioner asserts that his trial counsel was ineffective for failing to object to the district court's exclusion of certain alibi evidence, to wit, a "temporary shelter card" from the City Rescue Mission on December 7, 2000.[3] Petitioner

---

[3]We note at the outset that Petitioner's claim of ineffective assistance of *trial* counsel was deemed procedurally barred by the Oklahoma Court of Criminal Appeals because Petitioner failed to raise this issue on direct appeal. However, the resolution of this claim is necessarily intertwined with Petitioner's claim of ineffective assistance of *appellate* counsel, since Petitioner argues that his appellate attorney was ineffective for failing to raise ineffective assistance of trial counsel. In other words, to determine whether Petitioner's appellate counsel was ineffective for failing to raise trial counsel's ineffective assistance, we must first

(continued...)

contends that this evidence, if admitted, would have shown that he was not in the vicinity of the robbery at the time the crime was committed. In order to assert an ineffective assistance of counsel claim, Defendant must set forth specific "performance" errors on the part of trial counsel and demonstrate "prejudice," i.e., a "reasonable probability" that, absent those errors, a different outcome would occur. Strickland v. Washington, 466 U.S. 668, 688 (1984). With regard to the claims that Petitioner's attorney should have objected more vigorously to the exclusion of the temporary shelter card, we agree with the district court and the magistrate judge that none of the alleged conduct overcomes our presumption that counsel acted within the wide range of reasonable professional judgment. See Strickland, 688 U.S. at 689. This is because, as the magistrate judge noted, "Petitioner [has] not provided sufficient record for this Court to determine the nature of the evidence at issue, or the nature and rationale of the trial court's ruling thereon." As a result, we hold that Defendant has failed to meet the standard for COA on his ineffective assistance of trial counsel claim.

---

[3](...continued)
necessarily determine whether trial counsel was ineffective in the first place.

Although a federal court will not ordinarily consider a claim upon which a petitioner has procedurally defaulted in state court, this rule is based on federalism and comity, not jurisdiction. See Trest v. Cain, 522 U.S. 87, 89 (1997). As a result, we are not required to apply procedural default sua sponte, id. at 89-90, and decline to do so here with regard to Petitioner's ineffective assistance of trial counsel claim.

**B.      Ineffective assistance of appellate counsel claim**

Because Petitioner appears      pro se, we construe his application for COA

liberally.   Cannon v. Mullin   , 383 F.3d 1152, 1160 (10th Cir. 2004),      cert. denied ,

125 S. Ct. 1664 (2005).  But even giving the COA application a generous reading,

we can discern only one ground for Petitioner's claim of ineffective assistance of

appellate counsel: the appellate attorney's failure to raise the ineffectiveness of

Petitioner's trial counsel on direct appeal.

Under 28 U.S.C. § 2254(d), Petitioner may only obtain federal habeas relief

if the state decision "was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United

States," or "was based on an unreasonable determination of the facts in light of

the evidence presented in the State court proceeding."  Here, the OCCA held in its

order denying post-conviction relief that appellate counsel's failure to raise the

ineffective assistance of trial counsel claim did not render appellate counsel's

performance deficient, nor did it render the result of Petitioner's appeal unreliable

and unfair.  We agree with the OCCA's determination.

The Sixth Amendment does not require appellate counsel to raise every

nonfrivolous argument on appeal.      Banks v. Reynolds   , 54 F.3d 1508, 1515 (10th

Cir. 1995).  Given our determination that trial counsel's failure to object more

vigorously to the exclusion of the temporary shelter card did not, in itself,

constitute ineffective representation, we cannot state that appellate counsel's failure to allege that trial counsel acted ineffectively was a performance deficiency that implicates the Sixth Amendment. Petitioner has failed to make a substantial showing of a denial of a constitutional right with regard to this claim and, as a result, we deny COA.

## C. Procedural bar

Petitioner's remaining grounds for habeas relief are: (1) that the trial court lacked jurisdiction over the criminal proceeding because the evidence supported only the lesser-included offense of attempted robbery in the second degree; and (2) that Petitioner's sentence was excessive because it exceeds the statutory range of punishment for second degree attempted robbery. Petitioner raised these claims during his request for post-conviction relief in the state courts, and the OCCA deemed the claims to be procedurally barred due to Petitioner's failure to raise the issues on direct appeal.

For substantially the reasons given by the magistrate judge below and adopted by the district court, we agree that Oklahoma's procedural default rule with regard to these issues is an adequate and independent state ground which precludes federal review. Additionally, for the reasons given below, we agree that Petitioner has not demonstrated sufficient cause or prejudice to overcome the procedural bar. Accordingly, we deny COA on these claims.

### III. Conclusion

From our review of the record and Petitioner's application for COA, it does not appear that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack</u>, 529 U.S. at 483-484. Accordingly, we **DENY** COA and **DISMISS** the appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge