09-0019-pr
Moore v. New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand nine.

PRESENT: RALPH K. WINTER,
REENA RAGGI,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

--------------------------------------------------------------------------------
ROBERT MOORE, The State of New York ex rel.,
*Petitioner-Appellant,*

v.                                                                    No. 09-0019-pr

THE STATE OF NEW YORK,
*Respondent-Appellee.*
--------------------------------------------------------------------------------

APPEARING FOR APPELLANT:      MICHAEL SPORN, New York, New York.

APPEARING FOR APPELLEE:       LISA ELLEN FLEISCHMANN, Assistant Attorney General (Barbara D. Underwood, Solicitor General, Roseann B. MacKechnie,

Deputy Solicitor General), *for* Andrew M. Cuomo, Attorney General of the State of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (George B. Daniels, *Judge*; Henry Pitman, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 13, 2008, is AFFIRMED.

Petitioner Robert Moore was convicted in New York state court of criminal sale of a controlled substance in the third degree and criminal sale of a controlled substance near school grounds in violation of N.Y. Penal Law §§ 220.39 and 220.44, respectively.  He now appeals from the denial of a petition for a writ of habeas corpus.  See 28 U.S.C. § 2254.  We granted a certificate of appealability on the issue of whether Moore's trial counsel was constitutionally ineffective in failing to interview and call as a trial witness Joyce Dixon, Moore's alleged buyer in the drug counts of conviction.  See Strickland v. Washington, 466 U.S. 668 (1984).  In support of an unsuccessful state collateral challenge to his conviction, Moore had submitted an affidavit from Dixon asserting that she had purchased the drugs at issue from someone other than Moore.  We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Standard of Review

While we review a district court's denial of a habeas petition de novo, our review is subject to several limiting principles. See, e.g., Acosta v. Artuz, 575 F.3d 177, 184 (2d Cir. 2009). For example, the state court's reliance on an independent and adequate state law ground to reject a constitutional challenge to conviction would normally preclude our review of the merits. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). That principle does not apply in this case, however, because, although the state court determined that Moore had failed timely to raise his ineffective assistance claim, see N.Y. Crim. Proc. Law § 440.10(3)(a), respondent does not argue procedural bar in opposition to federal habeas relief, see Trest v. Cain, 522 U.S. 87, 89 (1997). Further, the Antiterrorism and Effective Death Penalty Act ("AEDPA") generally requires federal habeas courts to defer to state merits adjudications of constitutional claims absent an unreasonable application of clearly established federal law as stated by the Supreme Court or an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d). The district court, however, determined that AEDPA deference did not apply here because the state court's ruling on the merits of Moore's ineffective assistance claim was only "contingent." Bell v. Miller, 500 F.3d 149, 155 (2d Cir. 2007). The state submits that this case is distinguishable from Bell v. Miller. We need not pursue that issue because, even if we were to resolve it in Moore's favor, we would not grant him habeas relief.

2.      Ineffective Assistance of Counsel

A defendant seeking to overturn his conviction based on ineffective assistance of counsel "bears a heavy burden." United States v. Gaskin, 364 F.3d 438, 468 (2d Cir. 2004). He must demonstrate both (a) that his counsel's performance was objectively unreasonable, and (b) that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. See Strickland v. Washington, 466 U.S. at 687, 694. After an evidentiary hearing at which both Dixon and Moore's trial counsel testified, Magistrate Judge Pitman issued a detailed report finding that Moore had failed to carry his burden on the prejudice prong of Strickland analysis and recommending that the district court deny the writ. The district court adopted the recommendation. We agree. See United States v. Guang, 511 F.3d 110, 120 (2d Cir. 2007) ("Because the defendant[] cannot show prejudice, 'this court need not consider the objective reasonableness of counsel's actions.'" (quoting United States v. Birkin, 366 F.3d 95, 101 (2d Cir. 2004))).

To demonstrate prejudice on his ineffective assistance claim, Moore was required to prove a "reasonable probability" that counsel's investigation of Dixon would have altered the outcome of his case. Strickland v. Washington, 466 U.S. at 694 (requiring "probability sufficient to undermine confidence in the outcome"); accord Wilson v. Mazzuca, 570 F.3d 490, 507 (2d Cir. 2009).

In finding such a probability lacking, Magistrate Judge Pitman relied largely on his direct assessment of Dixon as a potential trial witness. We accord this assessment, based on

4

the judge's "unique ability" to observe the witness, considerable deference. See Ortega v. Duncan, 333 F.3d 102, 107 (2d Cir. 2003). Judge Pitman observed that Dixon's demeanor at the hearing was hardly that of a witness likely to inspire jury confidence. Consistent with her life-long drug dependency, Dixon "presented as an addict in need of drugs," who, in only a half hour on the stand facing non-aggressive questioning, seemed unduly "agitated" and "extremely uncomfortable" to be testifying. Moore v. New York, No. 04-cv-02965, 2008 WL 4891215, at *10 (S.D.N.Y. Nov. 12, 2008). She was, moreover, generally subject to impeachment based on an extensive record of convictions for theft and drug offenses. In connection with at least one arrest, she lied to law enforcement officers about her identity. Further, as Judge Pitman detailed, Dixon's hearing testimony was riddled with inconsistencies as to when she first met Moore, a fact critical to her claim that she had not bought drugs from him on the date of their arrests. See id. at *8 (comparing affidavit claiming Dixon met Moore in 2002 with hearing testimony giving three different accounts of 2008 meeting). On this record, Judge Pitman found that, even though Dixon denied buying drugs from Moore on the date of their arrest, it was unlikely that any responsible defense attorney who interviewed her would have called such an "unstable and unreliable" individual as a defense witness. Id. at *10. Although we review a cold record, we reach the same conclusion.

Indeed, like Judge Pitman, we further conclude that even if counsel had called Dixon to testify it would not likely have altered the outcome of his trial. If the inculpatory evidence

5

against Moore "cannot be characterized as overwhelming," it was "not insubstantial." Id. Undercover officers testified to direct dealings with Moore in which, although he refused to sell them drugs because he did not know them, he made statements that strongly indicated his involvement in such illicit sales. Further, officers directly observed a hand-to-hand exchange between Moore and Dixon moments before Moore was arrested in possession of a sum of cash and Dixon, spotting the arresting officers, attempted to throw away a bag of crack cocaine. Trial counsel's cross-examination of the officers at Moore's first trial had raised sufficient doubts as to whether they had witnessed a drug transaction from Moore to Dixon to result in a hung jury. If Dixon had testified, she would have strengthened the government's case to the extent she admitted that she had in fact purchased drugs on the charged date. To the extent she denied that her seller was Moore, her credibility would have been seriously undermined by the now-reinforced testimony of the officers who witnessed her transaction with Moore as well as by the numerous and significant adverse factors noted at the hearing by the magistrate judge.

Accordingly, even if AEDPA deference is not applicable to this case, we conclude that Moore was not prejudiced by counsel's failure either to interview Dixon or to call her as a trial witness. We have considered Moore's other arguments on appeal, and we conclude that they lack merit. We therefore AFFIRM the judgment of the district court denying a writ of

habeas corpus.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court


By: _____

7