# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1669

_____

Rodney Goodwin

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: November 15, 2016
Filed: August 25, 2017

_____

Before BENTON and SHEPHERD, Circuit Judges, and STRAND, District Judge.[1]

_____

BENTON, Circuit Judge.

A jury convicted Rodney A. Goodwin of attempted transportation of a minor with intent to engage in sexual activity under the Mann Act, 18 U.S.C. § 2423. After this court affirmed, Goodwin moved under 28 U.S.C. § 2255 to vacate his conviction.

_____

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa, sitting by designation.

The district court[2] denied the motion. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

In June 2010, 45-year-old Goodwin began an online relationship with 16-year-old J.B. through a social-networking site. Many of their messages were sexual. After J.B. turned 17, they began planning for J.B to travel from her home in North Dakota to visit Goodwin in Texas, where they planned to have sex. On October 17, 2010, J.B. began to travel to Texas, but eventually returned home before leaving North Dakota. Any sexual act would have occurred in Texas.

The single-count indictment charged Goodwin with attempted violation of the Mann Act: knowingly transporting anyone under 18 in interstate commerce "with intent that the individual engage in . . . any sexual activity for which any person can be charged with a criminal offense, shall be fined under this title and imprisoned not less than 10 years or for life." **18 U.S.C. § 2423(a)**. The "criminal offense" was North Dakota statute § 12.1-20-05(2): attempting to "engage in a sexual act" with a minor. A "minor" in North Dakota is a person under 18. **N.D. Cent. Code § 14-10-01**. North Dakota claims jurisdiction under § 29-03-01.1(3): "Any person who commits one or more of the following acts is liable to prosecution under the laws of this state . . . Soliciting, while outside this state, sexual contact with a person believed to be a minor who at the time of the solicitation is located in this state."

A jury convicted Goodwin. The district court sentenced him to 121 months' imprisonment and 60 months' supervised release. Goodwin appealed, alleging insufficient evidence. This court affirmed. *United States v. Goodwin*, 719 F.3d 857, 865 (8th Cir. 2013).

---

[2]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

Goodwin moved to vacate his conviction under 28 U.S.C. § 2255, asserting a violation of the First Amendment and ineffective assistance of counsel. The district court denied Goodwin's motion, but certified the issues for appeal.

## II.

A federal prisoner may seek relief if his "sentence was imposed in violation of the Constitution or laws of the United States." **28 U.S.C. § 2255(a)**. A sentence is "imposed in violation of the Constitution" if the statute of conviction is unconstitutional, either facially or as applied. *See **Turchick v. United States***, 561 F.2d 719, 721 (8th Cir. 1977).

The Government did not assert procedural default or another affirmative defense, so those defenses normally are waived. *See **Trest v. Cain***, 522 U.S. 87, 89 (1997) (citation omitted) ("[P]rocedural default is normally a defense that the State is obligated to raise and preserve if it is not to lose the right to assert the defense thereafter."); ***West v. United States***, 994 F.2d 510, 512 (8th Cir. 1993) ("Because the government never raised procedural default, however, and the district court considered the merits of the claims, we will do likewise."). This court reviews de novo the legal issues in the denial of a § 2255 motion. *See **Covey v. United States***, 377 F.3d 903, 906 (8th Cir. 2004).

## III.

Goodwin argues he did not attempt to commit a "criminal offense." *See* **18 U.S.C. § 2423(a)**. He challenges the North Dakota statutes both facially and as applied to him.

Goodwin contends that the First Amendment prohibits North Dakota from punishing him for soliciting J.B. to travel to Texas to engage in sexual acts legal

there.  In Texas, the age of consent to sexual acts is 17.  *See* **Tex. Penal Code Ann. § 22.011(c)**; *In re E.N.C.*, 384 S.W.3d 796, 804 n.11 (Tex. 2012) ("In Texas, the age of consent is seventeen.").  Goodwin relies on *Bigelow v. Virginia*, 421 U.S. 809, 828-29 (1975), which held that Virginia could not punish a newspaper publisher for running a New York abortion clinic's advertisement soliciting Virginia residents to have abortions in New York, where they were legal.  Virginia prosecuted the publisher under a state law that prohibited any person from "encourag[ing] or prompt[ing] the procuring of [an] abortion."  *Id.* at 812-13.  The Court held that the statute, as applied to the publisher, violated the First Amendment:

> A State does not acquire power or supervision over the internal affairs of another State merely because the welfare and health of its own citizens may be affected when they travel to that State. . . . [I]t may not, under the guise of exercising internal police powers, bar a citizen of another state from disseminating information about an activity that is legal in that State.

*Id.* at 824-25, 829.  *See* **Greater New Orleans Broad. Ass'n v. United States**, 527 U.S. 173, 194-96 (1999) (holding that states where gambling was illegal could not prohibit broadcasts advertising casinos from states where gambling was legal); **Carey v. Population Servs. Int'l**, 431 U.S. 678, 700 (1977) (invalidating a New York statute prohibiting advertisements for contraceptives because "a state may not completely suppress the dissemination of concededly truthful information about entirely lawful activity" (quotation omitted)).

## IV.

Goodwin's argument assumes that his proposed sexual activity with J.B. was "activity that is legal in [Texas]."  *See* **Bigelow**, 421 U.S. at 825.  The Government argues that Goodwin's attempted conduct violates Texas Penal Code § 43.25(b): "A person commits an offense if, knowing the character and content thereof, he employs, authorizes, or induces a child younger than 18 years of age to engage in sexual

-4-

conduct or a sexual performance." The statute's definition of sexual conduct includes "sexual contact, actual or simulated sexual intercourse." **§ 43.25(a)(2)**. *See also* **§ 15.01** (criminal attempt). Texas courts have defined "induce" to mean "'to move by persuasion or influence' or 'to bring about by influence.'" *See **Dornbusch v. State***, 156 S.W.3d 859, 866 (Tex. App. 2005).

Goodwin believes the Government conceded that his proposed sexual activity is legal in Texas. This court is not bound by a party's concession of law. *See, e.g.*, ***Embrey v. Hershberger***, 131 F.3d 739, 740-41 (8th Cir. 1997); ***Rodgers v. Office of Pers. Mgmt.***, 87 F.3d 471, 475 (Fed. Cir. 1996).

Goodwin asserts that § 43.25(b) does not apply because other Texas statutes set the age of consent at 17. *Dornbusch* addresses the issue:

> Whether or not consensual sex with a seventeen-year-old is a crime under section 21.11 does not control the interpretation of an entirely different offense in a different section of the penal code . . . . [A]lthough an adult's consensual sexual contact with a seventeen-year-old cannot be prosecuted as indecency with a child, the teenager's consent to sex does not de-criminalize the adult's conduct under section 43.25(b) because the adult's conduct is a crime against the public, not against the teenager.

***Dornbusch***, 156 S.W.3d at 871. Here, § 43.25(b) refutes Goodwin's premise that his "proposed sexual activity would have been legal under Texas law."

The First Amendment does not protect "certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem." ***United States v. Anderson***, 759 F.3d 891, 893-94 (8th Cir. 2014), *citing **Chaplinsky v. New Hampshire***, 315 U.S. 568, 571-72 (1942). One such class is "speech or writing used as an integral part of conduct in violation of a valid criminal statute." ***Giboney v. Empire Storage & Ice***

***Co.***, 336 U.S. 490, 498 (1949). "Specific criminal acts are not protected speech even if speech is the means for their commission." ***Packingham v. North Carolina***, 137 S. Ct. 1730, 1737 (2017). "The Government, of course, may punish adults who provide unsuitable materials to children, and it may enforce criminal penalties for unlawful solicitation." ***Ashcroft v. Free Speech Coal.***, 535 U.S. 234, 251-52 (2002) (internal citation omitted). *Cf.* ***Simon & Schuster, Inc. v. Members of New York State Crime Victims Bd.***, 502 U.S. 105, 124 (1991) (Kennedy, J., concurring) (invalidating a statute where it was "directed to speech alone where the speech in question is . . . not words tantamount to an act otherwise criminal").

Texas has a "compelling interest in protecting the physical and psychological well-being of minors." *See* ***Sable Commc'ns of Cal., Inc. v. FCC***, 492 U.S. 115, 126 (1989). J.B.'s age at the time of Goodwin's inducement—17—brings Goodwin's conduct within § 43.25(b). Goodwin's attempted inducement of J.B. is not protected speech because it was "used as an integral part of conduct in violation of a valid criminal statute." *See* ***Giboney***, 336 U.S. at 498; ***Packingham***, 137 S. Ct. at 1737. Because § 43.25(b) applies to Goodwin, *see* ***Dornbusch***, 156 S.W.3d at 871, his argument under *Bigelow* and its progeny fails.[3]

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

———————————————

———————————————

[3]Goodwin alleges "his attorney was constitutionally ineffective for failing to raise the First Amendment/*Bigelow* issue at trial or on appeal." Because there is no "reasonable probability" that Goodwin's First Amendment argument would have altered "the result of the proceeding," Goodwin's ineffective-assistance argument fails. *See* ***Strickland v. Washington***, 466 U.S. 668, 694 (1984).